**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHIVA PRASAD SUBEDI, | No. 10-73959 |
| Petitioner, | |
| v. | Agency No. A099-864-620 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2014[**]
San Francisco, California

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

1.    Because the Board of Immigration Appeal (BIA) conducted its own review

of the evidence and law, our review is limited to the BIA's decision. *Cordoba v.*

*Holder*, 726 F.3d 1106, 1113-14 (9th Cir. 2013).  "Without knowing the basis of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the [BIA's] decision, we cannot conduct a meaningful review" of it. *Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc).

We cannot determine on this record whether the BIA's asylum determination that the harm that Subedi suffered did not rise to the level of past persecution is supported by substantial evidence. The BIA's determination with regard to this issue consisted of a simple conclusion. The BIA did not provide any reasoning, explanation, or analysis for its conclusion. More specifically, we cannot determine whether the BIA took into account all of Subedi's harm, individually and cumulatively, *see Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004); whether the BIA engaged in impermissible fact finding (because it is unclear whether the immigration judge made a past persecution finding), *see Ridore v. Holder*, 696 F.3d 907, 915 (9th Cir. 2012); or whether the BIA applied the correct legal standard, *see Cordon-Garcia v. INS*, 204 F.3d 985, 991 (9th Cir. 2000). We therefore remand to the BIA so that it can provide a reasoned decision.

2. Because we grant the petition with regard to whether Subedi established past persecution, a finding of which could shift the burden of proof for a well-founded fear of future persecution, we decline to address the BIA's determination as to that issue. Furthermore, because the BIA's decision is unclear as to whether it properly applied the correct legal standard, we also decline to address whether substantial

evidence supports the BIA's determination for Subedi's applications for withholding of removal or relief under the Convention Against Torture.

**PETITION FOR REVIEW GRANTED; REMANDED.**